

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 11 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CIZA JEAN PIERRE
Plaintiff

vs

Civil Case No. **1:25-CV-5181**

GARDEN WALK HOMEOWNERS ASSOCIATION INC
PRECISE PLUMBING SERVICES INC
Dekalb County Superior Judge Nora Polk
Defendant

## COMPLAINT

## JURISDICTION

This District Court of the United States has original, concurrent, and supplementary jurisdiction over this case of action, pursuant to the authorities cited above, including, but not limited to the following, to-wit:28 USC 1331,28USC 1367, 28USC 1441(b), 28 USC 1441(C), 28 USC 1441(e),28USC 1443(1), 28 USC 1443(2) and/or 28USC 1446(d)

The District Court of the United States is an Article III court with Authority to hear questions arising under the Constitution, Laws, and Treaties of the of the United States including but not limited to the Bill of Rights, Ninth Amendment, the Eleventh Amendment, the original Thirteenth Amendment, the Fourteenth Amendment, the International Covenant on civil and political rights, and the Universal Declaration of Human Rights, with Reservation. See Article VI Supremacy Clause of the United States of America, as lawfully amended(hereinafter "U.S. Constitution").

"A court of the United States, quite properly, is loath to interfere in the internal affaires of a State.

The sovereignty of the States, within the boundaries reserved to them by the Constitution, is one of the keystones upon which our government was founded and is of vital importance to its

Preservation. But in Clause 2 of Article VI of the Constitution of the United States, it is provided:

This Constitution, and the laws of the United States which shall be made in pursuance thereof; And all treaties made, or which shall be made, under the Authority of the United States, shall be the supreme law of the land: and the Judges in every State shall be bound thereby, and Things in the Constitution or Laws of any State to the Contrary notwithstanding.

1 of 5

Hence, any state law, which is in conflict with the United States Constitution  or a law enacted by Congress in pursuance thereof, cannot be enforced. Nor can a valid state law be applied in a way to thwart the exercise of a right guaranteed by the Constitution and laws enacted by congress in pursuance thereof.

So, where it is alleged that certain State laws do so conflict or are being utilized, not for legitimate State purposes, but as an expedient to deprive plaintiffs of the rights guaranteed them by the Constitution of the United States and the laws of Congress enacted under the authority thereof, a court of the United State must entertain the suit and, if the allegations are proven, and Injunctive relief appears to be required, it must issue the injunction"

Nat, I ASS;n for Advancement of Colored people v. Thompson, 357 F2d 832-33 (5th Cir.1966) "Even though state law creates Appellant's cause of action, its case might still "arise under"the laws required of the United States if well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties. Franchise tax Bd. Of State of Cal. v Constr.Laborers Vacation Trust for S. California, 463, U.S 1,13,103 S. Ct. 2848.77 L.Ed. 2d 420 (1983) Article 111 of the United States.

The Constitution endows federal courts with the power to hear cases "arising under" federal law. Merrell Dow Pharmaceuticals Inc. v Thompson,478 U.S. 804,807,106 S.Ct. 3229, 92 L.Ed.2d 650(1986): U.S. Const., art111,2. Congress subsequently **728*811 codified that endowment, thereby creating general  federal-question jurisdiction. Merrell Dow, 478 U.S. at 807.106 S.C.t. 3229;28 U.S.C. 1331 exists because the well pleaded complaint alleges a cause of action that was created by state law. Merrell Dow,478 U.S. at 808, 106 S.Ct.3229

However, the United States Supreme Court also determined long ago that in certain circumstances, a cause of action created by state law may "arise under " federal law, conferring federal-question jurisdiction, where it implicates a significant federal issue.

## RECORD OF STATE PROCEEDINGS

Plaintiff is/are now proceeding on the basis of the presumption that the Georgia Superior court record will be made available to this Honorable Court upon Notice and Demand for mandatory Judicial Notice, pursuant to RULES 201 and 902 of the Federal Rules of evidence, the Full Faith and Credit Clause contained under Article IV of the U.S. Constitution, and  28 U.S.C. 1449.

## INCORPORATION OF PRIOR PLEADINGS

Plaintiff thereby incorporate(s) by reference all pleadings, papers, and effects heretofore Filled or otherwise lodged within the state proceedings the same as if fully set herein.

## ALLEGATIONS

1.  Plaintiff specifically complains on matter which go to related federal questions, such as federal civil jurisdiction within the several states of the Union, and the denial or the inability to enforce, in the courts of a State, on or more right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof, to-wit:
2.  Plaintiff specifically complains of various systemic and premeditated deprivations of fundamental rights guaranteed by the U.S. Constitution, by the Constitution of the State of
3.  GEORGIA , as lawfully amended(hereinafter "GEORGIA Constitution"), and by federal law, and which derivatives are violations of 18 U.S.C. 241 and 242.See also 28 U.S.C. 1652.

4.  Plaintiff complains he has right to Fair and impartial proceedings and a right to equal and adequate protection under the laws of the State of Georgia.

5.  Plaintiff has been denied the Constitutional right to jury trial.When Plaintiff requested a Jury Trial Plaintiff was told he can not get a jury trial on case by staff from Dekalb County Superiocourt. Which violates Plaintiff Constitutional rights. Sixth Amendment guarantees the right to a trial by an "impartial jury," which is then considered part of the "due process" of law required by the Fifth Amendment.

6.  RACIAL DISCRIMINATION WITHIN HOUSING.The Fourteenth Amendment was violated by Defendant.

7 .  28 U.S. Code 1331. Federal question.The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.(June 25, 1948, ch. 646, 62 Stat. 930 ; Pub. L. 85–554, §1, July 25, 1958, 72 Stat. 415 ; Pub. L. 94–574, §2, Oct. 21, 1976, 90 Stat. 2721 ; Pub. L. 96–486, §2(a), Dec. 1, 1980, 94 Stat. 2369 .)

8.  Plaintiff Civil Rights have been violated.

## NOTICE TO PARTIES

The Supreme Court has stated that such a procedure does not amount to the denial of a jury trial, but rather a mere procedural delay before receiving a jury trial. Thomas v. Wells Fargo Credit Corp.,200 Ga App. 592,409 S.E. 2d 71(1991); Hill v. Levenson, 259 Ga. 395,383 S.E. 2d 110(1989).The Georgia Supreme Court has held that a Pre-litigation contracts waiver of jury trial in commercial lease is not enforceable; this principle would be equally applicable to residential leases. American Southern Financial, Ltd v. Yang, 264 Ga. 513, 448 S.E. 2d 450(1994).

Plaintiff moved to his residence 658 Garden Walk Dr, Stone Mountain, GA in 2010.

### CLAIM 1

When Plaintiff  signed documents to purchase his home, Plaintiff did not sign a contract with Defendants which states Plaintiff can have his water turn off and sealed with cement by Defendants for any reason.

### CLAIM 2

On or About November 14, 2021 GARDEN WALK HOMEOWNERS ASSOCIATION INC ordered  PRECISE PLUMBING SERVICES INC to turn off Plaintiff's  water and sealed it by cement, at Plaintiff's home address at 658 Garden Walk Dr, Stone Mountain, GA. Without any legal right or justification nor consent from the water company.

### CLAIM 3

Plaintiff has children living in the home with him and wife, whom suffered from the water being shut off without consent.

### CLAIM 4

Plaintiff and his family have been deprived of running water for food, bath, cleaning and drinking water.

### CLAIM 5

Defendants has no proof of a contract stating Plaintiff can have his water turn off and sealed with cement, by Defendants.

### CLAIM 6

Defendants has caused hardship against Plaintiff and his family.

## CLAIM 7

Defendants was being cruel and  causing unusual punishment against Plaintiff's and family.

## CLAIM 8

Plaintiff's minor children were ill due to not having running water in the home causing them injuries, in which minors was taken to the doctor for treatment.

## CLAIM 9

Defendants has discriminated against Plaintiff due to he  is African, in which Defendants would not have turn the water off and cemented the turn on and off switch, so he could not have water, if he was not African.

## CLAIM 10

Defendants has caused Plaintiff and family injury/damages in the sum certain amount $5,000,000.00(Five Million Dollars)

## CLAIM 11

Plaintiff  sent Defendants Affidavit of Administrative Remedy to turn on the water and a Affidavit of Default. In which Defendant refeuse to respond back to Plaintiff. In which Defendants agreed by tacit acquiescence Defendants have caused Plaintiff and family injury/damage and to pay Plaintiff the certain amount $5,000,000.00(Five Million Dollars)(See Ext A,B)

## CLAIM 12

Due to Defendants refusal to respond to Defendants Affidavit of Administrative Remedy and Affidavit of Default by tacit acquiescence, in which Defendants wavied their right to a defense.

## Claim 13

The Dekalb County Superior Judge Nora Polk violated Plaintiff due process for not responding to Plaintiff motion for years on Plaintiff case in Dekalb County Superior Court case no. 21CV10790 and Denial of a Jury Trial. Inwhich Plaintiff was given a bench trial which the Judge dismiss the case and gave an order for GARDEN WALK HOMEOWNERS ASSOCIATION INC a judgement for statutory lien for $60,251.38.(See Ext C,D)

1. Plaintiff specifically complains on matter which go to related federal questions, such as federal civil jurisdiction within the several states of the Union, and the denial or the inability to enforce, in the courts of a State, on or more right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof, to-wit:

2. Plaintiff specifically complains of various systemic and premeditated deprivations of fundamental rights guaranteed by the U.S. Constitution, by the Constitution of the State of

3. GEORGIA , as lawfully amended(hereinafter "GEORGIA Constitution"), and by federal law, and which derivatives are violations of 18 U.S.C. 241 and 242.See also 28 U.S.C. 1652.

4. Plaintiff complains he has right to Fair and impartial proceedings and a right to equal and adequate protection under the laws of the State of Georgia.(See Ext A)

5.  Plaintiff has been denied the Constitutional right to jury trial.When Plaintiff requested a Jury Trial Plaintiff was told he can not get a jury trial on case by staff from Dekalb County Superior court. Which violates Plaintiff Constitutional rights. Sixth Amendment guarantees the right to a trial by an "impartial jury," which is then considered part of the "due process" of law required by the Fifth Amendment.

6.  RACIAL DISCRIMINATION WITHIN HOUSING.The Fourteenth Amendment was violated by Defendant.

7 . 28 U.S. Code 1331. Federal question.The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.(June 25, 1948, ch. 646, 62 Stat. 930 ; Pub. L. 85–554, §1, July 25, 1958, 72 Stat. 415 ; Pub. L. 94–574, §2, Oct. 21, 1976, 90 Stat. 2721 ; Pub. L. 96–486, §2(a), Dec. 1, 1980, 94 Stat. 2369 .)

8.  Plaintiff Civil Rights have been violated.


Relief requested:Plaintiff  and family to be paid for injury/damages in the sum certain amount $5,000,000.00(Five Million Dollars). From Defendants.


Plaintiff request JURY TRIAL ONLY

Respectfully Submitted,

ALL RIGHTS RESERVED/WITHOUT PREJUDICE

By:_____    Date: 9-11-25

Ciza JeanPierre
658 Garden Walk Dr
Stone Mountain, GA 30383

5 of 5

(Ex+A)

U.S. Certified Mail_____

From:  Ciza Jean Pierre
       658 Garden Walk Dr
       Stone Mountain, GA 30383

To:  GW & ASSOCIATES INC
 Attn: Gary Griffin-President
       1585 Old Norcross Rd Ste#101
       Lawrenceville, GA30046                    AFFIDAVIT/CONTRACT


GEORGIA STATE)
              )Scilicet
DeKalb County )


                    NOTICE TO AGENT IS NOTICE TO PRINCIPAL
                    NOTICE TO PRINCIPAL IS NOTICE TO AGENT


"Indeed, no more than (Affidavits) is necessary to make the prima facie case."United States v.
Kis, 658 F.2nd, 526,536(7th Cir.1981); Cert Denied, 50 U.S. L.W.2169; S.Ct. March 22, 1982

That I, Ciza Jean Pierre, hereafter "Affiant", a living breathing man upon the soil, being
first duly sworn, depose say and declare by my signature that the following facts are true to
the best of my knowledge and belief.
1.That, whereas Affiant is hereby exhausting his administrative remedies within the State of
Georgia/GEORGIA and GW & ASSOCIATES INC and its employees, officers ,agents, ; and
2.That, whereas, respondents understand/agree that Affiant exclusive remedy is Tort in the
natureo28 USC2679(b)ofP.L.100-694;102Stat.45363,28USC,2671(note);2674,2679(note);2679(b)
and(d),proceeding any civil action, and as such, operates upon Torts Brach(civil division)or
Risk Management office for damages arising out of private injuries and breach of fiduciary
duty; and
3. That, whereas, respondents understanding that his answer shall be by Affidavit, Sworn
under penalty of perjury, signed in blue ink. Answer by any other means is considered a non-
response and will be treated as a non-response. Respondents may agree and admit to all
statements and claims by Affiant by TACIT PROCURATION by simply remaining Silent. In the
event respondents admits the statements and claims by TACIT PROCURATION, all issues are
deemed Settled Res JUDICATA;STARE DECISIS and COLLATERAL ESTOPEL. Respondents may not
argue, controvert, or otherwise protest the finding/finality of the administrative findings in
any subsequent process, whether judicial; administrative or commercial.


                                   1 of 2

Affiant moved at his residence 658 Garden Walk Dr, Stone Mountain, GA in 2010. When Affiant signed documents to purchase his home, Affiant did not sign a contract with GW & Associates Inc which states Affiant can have his water turn off and sealed with cement.

On or About November 14, 2021 GW & Associates Inc turn off Affiant's water and sealed the cemented the turn on and off switch to the water for Affiant's home. Without any legal right or justification.

Affiant has 9 children living in the home with him and wife.

Affiant and his family have been deprived of running water for food, bath, cleaning and drinking water.

GW & Associates Inc has no proof of a contract stating Affiant can have his water turn off and sealed with cement, by GW & Associates Inc,

GW & Associates Inc has caused hardship against Affiant and family.

GW & Associates Inc is being cruel and  causing unusual punishment against Affiant and family.

GW & Associates Inc has caused Affiant and family injury/damages in the sum certain amount $200,000.00(Two Hundred Thousand Dollars)

Affiant will put liens on all properties owned by GW & Associates Inc, within 72 hours if the water is not back on.

Due to this sensitive nature of this private matter, under necessity you are to respond by Affidavit within  3 days, of receiving this Affidavit/Contract and return service by certified priority-return-mail signed under penalty of perjury to the undersigned below . Should you fail or refuse to response to provide an Affidavit within the time specified in this private matter, general tacit acquiescence and acceptance will be taken on your part as formally exercised(performed) pursuant to your silence.

ALL RIGHTS RESERVED/WITHOUT PREJUDICE/WITHOUT RECOURSE

By: _____
    Ciza Jean Pierre  Attorney-In-Fact
    Authorized Representative on behalf of
    CIZA JEAN PIERRE Ens Legis

                        ACKNOWLEDGEMENT

SUBSCRIBED TO AND SWORN before me this ___ day of December 2021, A.D. A Notary, that Ciza Jean Pierre  personally appeared and known to me to be the man  whose name subscribed to the within and acknowledged to be the same.

Notary Public _____

My Commission expires _____
                                    Seal:

VALERIA MONTREZ SANDERS
NOTARY PUBLIC
Fulton County
State of Georgia
My Comm. Expires March 16, 2025

                                    2 of 2

U.S. Certified Mail No._____

RECORDING REQUESTED BY AND WHEN RECORDED MAIL TO:

From: Ciza Jean Pierre
658 Garden Walk Dr
Stone Mountain, GA 30383

GW & ASSOCIATES INC
Attn: Gary Griffin-President
1585 Old Norcross Rd Ste#101
Lawrenceville, GA30046

**State of Georgia, DeKalb County**
The undersigned officer of DeKalb Superior Court certifies that this is a true and correct copy of the original document which is on file and of record in the Office of the Clerk of Superior Court. Witness my hand and seal of the Superior Court of DeKalb County, Georgia.
This _11th_ day of _September_ 20 _25_
Signature: _____
Deputy Clerk, DeKalb County Superior Court
Deed BOOK 31064 PAGE 398-399

**2023094430    DEED BOOK 31064 Pg 398**

Real Estate Transfer Tax $0.00

Filed and Recorded:
8/28/2023 2:28:32 PM
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

_____SPACE ABOVE THIS LINE FOR RECORDE'S USE_____

## NOTICE OF DEFAULT
## AFFIDAVIT OF NOTICE

YOU ARE HEREBY NOTICED that you are in default of an opportunity to the Affidavit sent to you on [December 2021] by U.S. Certified mail . You were given opportunity to cure your default/rebut the claims made against you by your failure to answer said AFFIDAVIT/ CONTRACT.

YOU ARE IN DEFAULT JUDGEMENT having waived the right to answer by acquiescence, tacit admission and failure to contest, rejecting your due process opportunity and not testify on the case.(See Randone v. Appellate Court, 5C3d 536; Mullane v. Central Hanover Trust Co., 399 U.S.306,314;Sniadach v. Family Finance Corp.,395U.S.337,339;Mrlorich Builders v. Superior Court,160 Cal App 3d 931,as in line with Federal Rules of Civil Procedure Rule 55(1) (a)(b)defaults.)
In absence of such response, Affiant hereby inserts and records this NOTICE OF DEFAULT upon and against above named respondent(s).

GW & Associates Inc  caused Affiant and his family to be deprived of running water for food,bath,cleaning and drinking water.

GW & Associates Inc has no proof of a contract stating Affiant can have his water turn off and sealed with cement.

GW & Associates Inc has caused hardship against Affiant and family.

GW & Associates Inc is being cruel and causing unusual punishment against Affiant and family.

GW & Associates Inc agrees/understand to pay Affiant and family for injury/damages in the sum certain amount $5,000,000.00(Five Million Dollars)

GW & Associates Inc agrees/understand Affiant can put liens on all properties owned by GW & Associates Inc, within 72 hours if the water is not back on.

1 of 2

DEED BOOK 31064 Pg 399
**Debra DeBerry**
Clerk of Superior Court
DeKalb County, Georgia



WHEREAS such actions now shall be taken in accordance to the procedures set forth in the Commercial AFFIDAVIT/CONTRACT defaulted.

I, Ciza Jean Pierre, have personal knowledge of the above facts, and competent to Testify to the above facts, and declare that the foregoing is true, correct and complete to the best of my knowledge.

ALL RIGHTS RESERVED/WITHOUT PREJUDICE/WITHOUT RECOURSE

By: _____

Ciza Jean Pierre  Attorney-In-Fact
Authorized Representative on behalf of
CIZA JEAN PIERRE Ens Legis

Unofficial Witness : _____
Jarmes Davis

## ACKNOWLEDGEMENT

SUBSCRIBED TO AND SWORN before me this 30 day of December 2021, A.D. A Notary, that Ciza Jean Pierre personally appeared and known to me to be the man whose name subscribed to the within and acknowledged to be the same.

Notary Public _____

My Commission expires_____    Seal:

VALERIA MONTREZ SANDERS
NOTARY PUBLIC
Fulton County
State of Georgia
My Comm. Expires March 16, 2025

(EX+C)

# CASE SUMMARY
## CASE NO. 21CV10790

| | | |
|---|---|---|
| **Ciza Jean Pierre** | § | Location: **Division 8** |
| **VS** | § | Judicial Officer: **Polk, Nora** |
| **GW ASSCOCIATION INC** | § | Filed on: **12/20/2021** |
| | § | Case Number History: |
| | § | SB176: **0442021080102** |

---

### CASE INFORMATION

---

**Related Cases**
22CV1162   (Civil)

Case Type: **Other General Civil**

**Statistical Closures**
05/23/2025    Dismissed

Case Status: **05/23/2025   Closed**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

Case Number         21CV10790
Court               Division 8
Date Assigned       03/14/2023
Judicial Officer    Polk, Nora

**Previous Case Assignments**

Case Number         21CV10790
Court               Division 2
Date Assigned       12/20/2021
Judicial Officer    Jackson, Asha F.
Reason              Reassignment Due to Related

---

### PARTY INFORMATION

---

**Plaintiff**        **Pierre, Ciza Jean**

**Defendant**        **GW ASSCOCIATION INC**

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|

05/23/2025    **Statistical Closure**
              Dismissed

              ## DISPOSITIONS
05/23/2025    **Dismissed - With Prejudice** (Judicial Officer: Polk, Nora)

              ## EVENTS
12/20/2021    📄 Case Initiation Form
              *CASE INITIATION FORM*

12/20/2021    📄 Summons
              *SUMMON*

12/20/2021    📄 Complaint or Petition for Damages
              *DAMAGES*

12/20/2021    📄 Verification
              *VERIFICATION*

12/20/2021    📄 Interrogatories
              *INTERROGATORIEN TO DEFENDANT*

---

(Ext C)

# CASE SUMMARY
## CASE NO. 21CV10790

| | |
|---|---|
| 01/04/2022 | **Notice to Court** <br> *Notice of Related Cases* |
| 01/04/2022 | **Answer** <br> *Special Appearance Answer* |
| 01/10/2022 | **Motion to Add Party** <br> *Motion To Add Defendant and Amended Complaint* |
| 01/13/2022 | **Response** <br> *RESPONSE* |
| 01/13/2022 | **Response** <br> *RESPONSE* |
| 01/13/2022 | **Certificate of Service** <br> *CERTIFICATION* |
| 02/03/2022 | **Amended Answer** <br> *amened complaint* |
| 02/07/2022 | **Summons** <br> *Summ* |
| 02/22/2022 | **Rule 5.2 Certificate** <br> *Rule 5.2 Certificate* |
| 03/09/2022 | **Motion to Compel** <br> *motion to compel* |
| 03/08/2023 | **Rule Nisi Issued** <br> *Calendar Call for March 29th, 2023* |
| 03/14/2023 | **Cancellation of Hearing** <br> *Order Cancelling Hearing for March 29th, 2023* |
| 03/14/2023 | **Notice of Case Reassignment** <br> *Notice of Case Reassignment* |
| 03/21/2023 | **Notice of Zoom Hearing** <br> *Notice of Hearing* |
| 04/12/2023 | **Motion for Default Judgment** <br> *motion for default judgment* |
| 04/12/2023 | **Certificate of Service** <br> *certificate of service* |
| 04/12/2023 | **Motion for Summary Judgment** <br> *motion for summary judgment* |
| 04/12/2023 | **Certificate of Service** <br> *certifciate of service* |
| 05/09/2023 | **Brief in Opposition** <br> *Defendant's Brief in Opposition to Plaintiff's Motion to Default Judgment* |
| 05/09/2023 | **Brief in Opposition** <br> *Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment* |
| 05/09/2023 | **Affidavit** <br> *Affidavit of Joseph C. Larkin* |
| 06/01/2023 | **Response** <br> *Plaintiff Response to Defendant Brief in Opposition to Plaintiff* |

*Printed on 09/02/2025 at 3:56 PM*

(Ex+C)

# CASE SUMMARY
## CASE NO. 21CV10790

| | |
|---|---|
| 06/01/2023 | 📄 Complaint or Petition for Writ of Mandamus<br>*Writ of Mandamus* |
| 06/01/2023 | 📄 Certificate of Service<br>*Certificate of Service* |
| 08/25/2023 | 📄 Amended Complaint<br>*amended complaint* |
| 09/18/2023 | 📄 Complaint or Petition for Writ of Mandamus<br>*writ of Mandamus* |
| 09/18/2023 | 📄 Notice of Motion<br>*Motion For Interpreter* |
| 09/18/2023 | 📄 Motion to Compel<br>*Motion To Compel Defendant To Give Insurance Policy Information* |
| 09/18/2023 | 📄 Certificate of Service<br>*Certificate Of Service* |
| 10/02/2023 | 📄 Notice of Hearing<br>Party: Defendant  GW ASSCOCIATION INC;  Plaintiff  Pierre, Ciza Jean |
| 10/10/2023 | 📄 Motion for Continuance<br>*Motion For Continuance To File Dispositive Motions* |
| 10/31/2023 | 📄 Affidavit<br>Party: Defendant  GW ASSCOCIATION INC;  Plaintiff  Pierre, Ciza Jean<br>*Affidavit of Court Interpreter and Oath Form* |
| 11/13/2023 | 📄 Motion to Dismiss<br>*Defendant's Special Appearance & Motion to Dismiss.* |
| 11/13/2023 | 📄 Brief in Support<br>*Brief in Support of Motion to Dismiss543-019* |
| 12/15/2023 | 📄 Amended Filing<br>*Amended Complaint* |
| 12/15/2023 | 📄 Objection<br>*Objection to dismissal* |
| 12/15/2023 | 📄 Certificate of Service<br>*Certificate of Service* |
| 12/18/2023 | 📄 Amended Filing<br>*amended objection to dismissal* |
| 12/18/2023 | 📄 Certificate of Service<br>*cetificate of service* |
| 02/20/2024 | 📄 Motion to Compel<br>*Motion to compel* |
| 02/20/2024 | 📄 Certificate of Service<br>*Certification of service* |
| 05/05/2025 | 📄 Notice of Hearing<br>*Hearing Notice* |
| 05/22/2025 | 📄 Order Granting Motion (Judicial Officer: Polk, Nora )<br>*ORDER GRANTING GW & ASSOCIATE, INC.'S MOTION TO DISMISS* |
| 05/23/2025 | |

DIVISION 8

# CASE SUMMARY
## CASE NO. 21CV10790

Case Disposition Form
Party:  Defendant  GW ASSCOCIATION INC;  Plaintiff  Pierre, Ciza Jean

## HEARINGS

| | |
|---|---|
| 03/29/2023 | **Civil Non-Jury** (9:00 AM)  (Judicial Officer: Jackson, Asha F. ;Location: Courtroom 6C)<br>Resource: Courtroom  Courtroom 6C |
| 04/14/2023 | **Motions** (9:30 AM)  (Judicial Officer: Bethel, Winston P ;Location: Courtroom 5B)<br>Resource: Courtroom  Courtroom 5B |
| 10/30/2023 | **Jury** (9:30 AM)  (Judicial Officer: Polk, Nora ;Location: Courtroom 6A)<br>Resource: Courtroom  Courtroom 6A |
| 05/22/2025 | **Motions** (9:30 AM)  (Judicial Officer: Polk, Nora ;Location: Courtroom 6A)<br>Resource: Courtroom  Courtroom 6A |

| TARGET DATE | TIME STANDARDS |
|---|---|
| | |

| DATE | FINANCIAL INFORMATION |
|---|---|
| | |

**Plaintiff**  Pierre, Ciza Jean
Total Charges                                                                      243.00
Total Payments and Credits                                              243.00
**Balance Due as of  09/02/2025**                                          0.00

*Printed on 09/02/2025 at 3:56 PM*

(Ex+0)

FILED 06/03/2024 3:56:07 PM   Clerk of Superior Court DeKalb County

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

GARDEN WALK HOMEOWNERS
ASSOCIATION, INC.,

    Plaintiff,

v.

JEAN PIERRE CIZA,

    Defendant.

CIVIL ACTION
FILE NO. 22CV1162-8

JUDGE NORA POLK

## FINAL ORDER AND JUDGMENT

THIS COURT, having previously considered Plaintiffs Motion for Summary Judgment as to Liability and partially granted the same on November 27, 2023, the case was called before the Court for a hearing on damages. After consideration of the evidence and testimony presented at the hearing, the record of the above-styled case, and applicable law, the Court finds as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that in accordance with Paragraph 7(c)(iv) of the Amended and Restated Declaration of Covenants, Conditions, Restrictions and Easements for Garden Walk (the "Declaration"), that Defendant's water service was properly suspended. Accordingly, commencing immediately and until Defendant has satisfied this Judgment in full, Defendant and his cohabitants, guests, and invitees are hereby enjoined and restrained from:

    a.  Reconnecting, attempting to reconnect, or causing to be reconnected the water supply line to the property located at 658 Garden Walk Dr, Stone Mountain, GA, 30083 (the "Subject Property").

    b.  Tampering with, altering, or otherwise interfering with the water supply system servicing the Subject Property.

The Defendant shall immediately cease and desist from any actions that would interfere with the water supply line or system, and shall allow access to the property by authorized personnel for the purposes of compliance with the Declaration, disconnection, reconnection, inspection, repair, and/or maintenance of the water supply system, as necessary. It is further,

-1-

ORDERED, ADJUDGED AND DECREED, the Plaintiff is hereby awarded a judgment against Defendant:

| | |
|---|---|
| Fines associated with the planting bed: | $3,425.00 |
| Fines associated with repair/salvage business: | $31,725.00 |
| Plumbing costs: | $6,690.00 |
| Unpaid Assessments through May of 2024: | $1,122.00 |
| Attorney's Fees: | $16,944.50 |
| Court Costs: | $344.88 |
| **TOTAL:** | **$60,251.38** |

Post-judgment interest shall accrue at the rate provided by law. It is further

ORDERED, pursuant to Section 44-3-232 (c) of the Georgia Property Owners' Association Act, this Court enters an ORDER ALLOWING JUDICIAL FORECLOSURE under which Plaintiff is entitled to foreclose the statutory lien against the Subject Property for all amounts secured by the statutory lien through the date of this order without Plaintiff first being required to pay off any superior lien or encumbrance against the Subject Property. Advertisement of the judicial foreclosure sale shall occur as provided by law. It is further.

ORDERED that as of the date of this Order, the amount of the statutory lien totals **$60,251.38**. Plaintiff is permitted to initiate a foreclosure proceeding on the Subject Property for this amount, plus post-judgment interest which shall become due after the date of this Order. Said interest amounts are also secured by the statutory lien. To the extent required to enforce foreclosure of the Subject Property, the Writ of Fieri Facias (Fi.Fa.) shall include the Plaintiff's statutory lien against the Subject Property, in rem, notwithstanding a current or future bankruptcy discharge of personally personal (in personam) liability by the Defendant. See Casas-Rodriguez v. Cosmopolitan on Lindbergh Condominium Association, Inc., 325 Ga.App. 253; 749 S.E.2d 371 (2013). Said Fi.Fa. shall stand to show the amount of the statutory lien and may be used to enforce foreclosure of the statutory lien, in rem, on the Subject Property notwithstanding the avoidance of any judicial lien for other purposes under bankruptcy or any other law. It is further

ORDERED that, the DeKalb County Sheriff shall set and conduct a sale upon written request from Plaintiff. Such sale shall be set for the statutory lien amount of $60,251.38, plus post-judgment interest which has become due since the date of the Judgment. It is further

ORDERED that until such time as the Sheriff levies on said property, or the judgments held by Plaintiff against Defendant are otherwise satisfied, the Defendant is enjoined from transferring title or any other interest in said condominium unit, or from further encumbering the title to said unit in any way. It is further

ORDERED that, the judicial foreclosure sale shall not take place without Plaintiff's attorney being present. It is further

-2-

ORDERED that the DeKalb County Sheriff's Office is to permit the Plaintiff, and only the Plaintiff, to have a credit bid up to its statutory lien without having to provide cash at the sale. In addition, costs of the judicial foreclosure sale shall be set out clearly and an invoice reflecting the same shall be presented to the purchaser at the time of sale. It is further

ORDERED that, in the event Defendant or any third party seeks through the DeKalb County Sheriff's Office to pay off the statutory lien before the date of the judicial foreclosure sale, the Sheriff's Office is directed to contact Plaintiff or Plaintiff's counsel for the payoff of the statutory lien.

SO ORDERED. This 31st day of May, 2024.

HON. NORA POLK
Judge, Superior Court of DeKalb County

Order Prepared By:
Joseph C. Larkin, Esq.
Lueder, Larkin & Hunter, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
(770)-685-7000

-3-